UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | | |
|---|---|---|
| KELLY WAYNE SHIVELEY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:11-cv-313-JMH |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, Commissioner | ) | **MEMORANDUM OPINION** |
| Of Social Security, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Kelley Wayne Shiveley seeks review of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits. This matter is before the Court upon the parties' cross-motions for summary judgment [Record Nos. 10, 11].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion, grant the defendant's motion, and affirm the Commissioner's decision.

An Administrative Law Judge (ALJ) conducted a hearing on Shiveley's application for benefits on March 11, 2011, and issued a decision denying Shiveley's claim on April 18,

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2011. The opinion became the final decision of the Commissioner on August 26, 2011, when the Appeals Council declined to review Smith's appeal. Having pursued and exhausted his administrative remedies, it is from this decision that Shiveley now timely appeals. This matter is ripe for review and properly before this Court under 42 U.S.C. § 405(g).

This Court will affirm the Commissioner's decision if the decision is supported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). When deciding whether there is substantial evidence to support the Commissioner's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

This standard of review assumes, of course, that a claimant has made an argument and identified specific aspects of the ALJ's decision that allegedly lack support in the record. Where a claimant has not done so, the Sixth Circuit has:

> . . . decline[d] to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if

> so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in her brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (citation and quotation marks omitted)). This Court declines to do so, as well.

Shiveley first asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ did not consider the "totality of [his] conditions." However, he never identifies what aspect of his condition was not taken into consideration by the ALJ. Instead, he recounts the residual functional capacity assessment made by the ALJ, the ALJ's conclusion as to Shiveley's inability to do his past relevant work as an assembler, forklift operator, and shipping and receiving clerk, and the vocational expert's opinion based on the hypothetical which reflects the RFC conclusion reached by

3

the ALJ. Frankly, the Court is at a loss as to what argument Shiveley wishes to make in this regard and considers this issue waived. *See Hollon*, 447 F.3d at 491; *McPherson*, 125 F.3d at 995-96.

Next, Shiveley asserts, by means of a heading in his memorandum, that "the ALJ erred in no [*sic*] giving more restrictions to the claimant's hand problems." This appears to be an argument that the Commissioner's decision is not supported by substantial evidence because the ALJ based his decision, in part, on vocational expert testimony elicited in response to a hypothetical situation which did not accurately reflect Shiveley's limitations with respect to the use of his hands.[1]

Again, Shiveley makes no effort at argument or analysis. Rather, he recounts his own testimony about the psoriasis on his hands and states, without citation to the record, that he "has complained of hands and arm numbness for years due to his cervical problems. . ." He offers no criticism of the ALJ's analysis of the impact of Shiveley's cervical degenerative disc disease and psoriasis on the use of his hands. Instead, he draws the Court's attention to the fact that the vocational expert was asked to give

---

[1] The Court had to look at a footnote in which Shiveley states that "[t]he ALJ asked about occasional use of hands but then discounted his own hypothetical" in order to even make this assumption.

testimony in response to a hypothetical scenario involving an individual limited to "occasional use of the dominant upper extremity." This is hardly an argument without something more, particularly in light of the fact that the vocational expert also testified in response to a hypothetical scenario involving an individual limited to "frequent use of the dominant upper extremity for handling and fingering" and "occasional use of the dominant upper extremity for forced gripping."[2] Again, the Court declines to make Plaintiff's argument for him and will consider this issue no further. *See Hollon*, 447 F.3d at 491; *McPherson*, 125 F.3d at 995-96.

Having considered the briefs offered in this matter, the Court concludes that Shiveley has waived any objection he might have to the decision of the Commissioner since he has not raised any error in his briefing to this Court. The decision of the Commissioner will be affirmed and a separate judgment entered.

Accordingly, **IT IS ORDERED**:

(1) that the Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

---

[2] The ALJ ultimately determined that he could "use the dominant upper extremity for handling and fingering frequently" and "for forced gripping occasionally."

5

  (2) that the Defendant's Motion for Summary Judgment [DE 11] is **GRANTED**.

  This the 12th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge